## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### CASE NO. 6:18-CV-02142-JA-GJK

VICTOR FUENZALIDA,

     Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line,

     Defendant.

_____/

### SEAMAN'S COMPLAINT

Plaintiff sues Defendant and alleges:

1.  This is a case within this Court's Admiralty and Maritime Jurisdiction, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 1331 and 1333.

2.  Plaintiff, VICTOR FUENZALIDA, is a citizen of Peru and a seaman within the meaning of 28 U.S.C. § 1916 and can file suit without paying the filing fee or costs.

3.  Defendant,  MAGICAL CRUISE COMPANY, LIMITED. (hereinafter "Disney"), is a foreign entity which has its principal place of business in Florida.

4.  Defendant, at all times material hereto, personally or through an agent;

    a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.  Were engaged in substantial activity within this state;

    c.  Operated vessels in the waters of this state;

    d.  Committed one or more of the acts stated in Florida  Statutes, Sections 48.081, 48.181 or 48.193;

    e.   The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

5.   Defendant is subject to the jurisdiction of the courts of this state.

6.   The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. § 688, and the General Maritime Law of the United States.

7.   At all times material hereto, Defendant DISNEY owned, operated, managed, maintained, and/or controlled the vessel M/V Disney Dream. This vessel flies a flag of convenience.

8.   At all times material hereto, Plaintiff's employer was an agent of the ship owner and/or ship operator.

9.   At all times material hereto, Plaintiff held the position of Guest Communications Coordinator and had to perform all the duties of that job while living on board the vessel.

10.   The injuries suffered by the Plaintiff, while working aboard the Dream, are a result of the Defendant's negligence and/or the unseaworthiness of the vessel.

11.   At all times material hereto, Defendant Disney failed  improperly configured or equipped the vessel Dream as a consequence of which the Plaintiff was not able to carry out her assigned duties and carry one her daily living on board in a reasonably safe manner.

## COUNT I
## JONES ACT NEGLIGENCE

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through eleven (11) as though originally alleged herein

12.   On or about January 2016, Plaintiff while employed by Defendant, DISNEY as a seaman and a member of the crew of the Dream, which was in navigable waters.

13.   It was the duty of Defendant, DISNEY to provide Plaintiff with a reasonably safe place to work.

14.   On or about the previous stated date, Plaintiff was injured due to the fault and negligence of Defendant, Disney, and/or its agents, servants, and/or employees as follows:

First Incident

While working loading garbage container, Plaintiff  injured his back.

Second Incident

While moving a coffee bean grinding machine, Plaintiff re-injured his low back.

Defendant's negligence for each of the above incidents resulted from one or a combination of several of the following;

a.   Failure to use reasonable care to provide Plaintiff a reasonably safe place to work do

to:                              First Incident

1)  Assigning Plaintiff which Defendant knew had pre-existing back issues, to do repetitive lifting of loads that were too heavy for him to safely lift by himself repetitively; and/or

2) Failing to limit the weight of each of the loads, Plaintiff lifted, to a weight that would be safe for him to lift regardless of how many lifts he had to do to complete the task.

Second Incident

1) Assigning the Plaintiff which Defendant was on notice had pre-existing back issues to do repetitive lifting of loads that were too heavy for him to safely lift by himself repetitively; and/or

2) Failing to limit the weight of each of the loads, Plaintiff lifted, to a weight that would be safe for him to lift regardless of how many lifts he had to do to complete the task.

For both Incidents

b.  Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the Plaintiff, while engaged in the course of her employment on the Defendant's vessel;

c.  Failure to provide adequate instruction, and supervision to the Plaintiff and her fellow crewmembers assigned to supervise her;

d.  Failure to provide prompt, proper, and adequate medical care to the Plaintiff each time she sought medical attention for her conditions;

e.  Failure to adequately diagnose the Plaintiff's injuries when she first reported to the ship's medical facility with pain after each of her incidents and instead keeping her on board and treating her there;

f.  Sending the Plaintiff back to work while on pain medication after each incident and with respect to the second incident in direct contradiction of the recommendations of a shore side physician;

g.  Failure to provide the Plaintiff, reasonable hours of employment so as to not overwork them to the point of not being physically fit to carry out their assigned duties in a reasonably safe manner. Defendant's employees are overworked to the point of fatigue;

h.  Failure to learn and apply the common and well known principles of industrial ergonomics on board the vessel on which Plaintiff served;

i.   Failure to incorporate modern work methods, procedures and material handling techniques on board the vessel on which the Plaintiff worked;

j.   Failure train workers and employing undersized work crews, as a result, Defendant is having smaller work crews doing jobs traditionally handled by larger crews;

k.   Failing to ascertain the cause of prior similar accidents/injuries so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accidents/injuries, this is in direct violation of the Defendant's own Ship board policies mandated by the ISM Codes' requirements;

l.   Failure to follow sound management practices with the goal of providing Plaintiff a reasonably safe place to work;

m.   Prior to Plaintiff's incident(s), Defendant failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn the Plaintiff of the danger the hazard posed to the Plaintiff;

n.   Failure to perform an adequate pre-employment physical on Plaintiff so as to determine the Plaintiff fitness to work on the vessel in the capacity assigned to her prior to having her work in that capacity on the vessel;

o.   Failure to adhere to the Seafarers' Hours of Work and the Manning of Ships Convention, 1996: with respect to the hours of work and rest as well as other standards such as ILO 147;

p.   Failed to select and utilize competent, skilled, and properly trained medical care providers on board and shore side with adequate expertise to be able provide the Plaintiff's with prompt, proper and adequate medical care and failure to equip the vessels medical facility with proper and adequate medical equipment to enable the proper diagnosis of the Plaintiff's condition when she presented for care;

q. Failed to properly manage plaintiff's medical care after plaintiff was injured and instead pressuring the medical staff chosen and paid for by Defendant to prematurely declare the Plaintiff at MMI or fit to return to duty;

15. At all times material hereto, Defendant negligently failed to determine the hazards Plaintiff faced, failed to eliminate those hazard, failed to modify those hazards, and failed to warn the plaintiff of the hazard. In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate, and safe Safety Management System Manual or to follow it on board the vessel on which the Plaintiff served. All of the above caused the plaintiff to suffer her injuries and not receive adequate care for them.

16. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

17. As a result of the negligence of Defendant, DISNEY, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past, and her working ability and earning capacity have been impaired. The injuries and damages suffered by the Plaintiff are permanent and continuing in nature and Plaintiff will suffer these losses and impairments in the future. In addition, plaintiff in the past and in the future has lost the fringe benefits that came with plaintiff's job, including but not limited to free food, free shelter, free medical care, free uniforms, vacation pay, the

ability to make extra money doing side jobs and free airline transportation to the vessel and back

home each contract.

**WHEREFORE,** Plaintiff demands all damages entitled by law and demands jury trial of

all issues so triable.

## COUNT II – UNSEAWORTHINESS

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through

eleven (11) as though they originally alleged herein.

18.   On or about the previously stated date, Plaintiff was a seaman and a member of the

Dream's crew*,* which was in navigable waters.

19.   At all times material hereto, Defendant Disney owned, managed, operated, and controlled

the vessel Dream.

20.   Defendant had the absolute non-delegable duty to provide Plaintiff with a seaworthy

vessel on which to serve.

21.   The unseaworthiness of Defendant's vessel was a legal cause of injury and damage to the

Plaintiff for each of the previously listed incidents by reason of the following:

a. The vessel was unsafe and unfit due to the conditions created by Defendant as follows:

First Incident

1)  Assigning Plaintiff which Defendant knew had pre-existing back issues, to do

repetitive lifting of loads that were too heavy for him to safely lift by himself

repetitively; and/or

2) Failing to limit the weight of each of the loads, Plaintiff lifted, to a weight that would be safe for him to lift regardless of how many lifts he had to do to complete the task.

Second Incident

1) Assigning the Plaintiff which Defendant was on notice had pre-existing back issues to do repetitive lifting of loads that were too heavy for him to safely lift by himself repetitively; and/or

2) Failing to limit the weight of each of the loads, Plaintiff lifted, to a weight that would be safe for him to lift regardless of how many lifts he had to do to complete the task.

b. The vessel's crew was not properly trained, instructed, or supervised;

c. The vessel did not have a fit crew;

d. The vessel did not have adequate manpower for the task being performed;

e. The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties.

22. As a result of the unseaworthiness of the vessel *M/S Dream*, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past, and plaintiff's working

ability and earning capacity have been impaired.  These injuries and damages are permanent or continuing in nature and Plaintiff will suffer these losses and impairments in the future.  In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with plaintiff's job, including but not limited to free food, free helter, free medical care, free uniforms, vacation pay, the ability to make extra money doing side jobs and free airline transportation to the vessel and back home each contract.

        **WHEREFORE,** Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

### COUNT III – FAILURE TO PAY MAINTENANCE AND CURE

        Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through eleven (11) as though originally alleged herein.

23.   On or about the previously stated dates, while in the service of the Defendant's vessel, Dream, which was in navigation the Plaintiff, suffered injuries.

24.   Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant DISNEY, until declared to have reached maximum medical improvement or maximum medical cure.  This includes unearned wages (regular wages, overtime, vacation pay and tips), which were reasonably anticipated to the end of the contract or voyage whichever is longer.

25.   Defendant DISNEY willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and refused to provide the Plaintiff the level of cure that the Plaintiff needs so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

26.   An MMI or MMC declaration must be unequivocal and if not any doubts or controversy, regarding whether or not the seaman is at MMI or MMC must be resolved in favor of the seaman.

27.   Defendant DISNEY failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, in violation of the law, and in callous disregard for Plaintiff's right as a seaman.  As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States.  Furthermore, Defendant unreasonable failure to pay or provide Plaintiff with maintenance and cure aggravated her condition and caused her to suffer additional compensatory damages including but not limited to the aggravation of her physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings and earning capacity, and medical and hospital expenses in the past and into the future.

**WHEREFORE,** Plaintiff demands all damages entitled by law, attorneys' fees and demands jury trial of all issues so triable.

## COUNT IV – FAILURE TO TREAT

Plaintiff re-alleges, adopts, and incorporates by references paragraphs one (1) through eleven (11) as though originally alleged herein.

28.   On or about the previously stated date, Plaintiff was employed by Defendant DISNEY as a seaman and was a member of the Dream crew.  The vessel was in navigable waters.

29.   It was the duty of Defendant DISNEY to provide Plaintiff with prompt, proper and adequate medical care when she presented for treatment.

30.   Defendant DISNEY, through the ship's physicians and/or nurses, negligently failed to provide Plaintiff with prompt, proper, adequate, and complete medical care.  This conduct includes, but is not limited to:

    a.   Defendant not giving Plaintiff medical care in a timely manner after she reported her injury to the ship's doctor and/or nurse seeking treatment for her condition; and/or,

    b.   Defendant sending Plaintiff back to work after she reported her condition without adequately determining the risks to the Plaintiff's health that sending her back to work would subject her to.

    c.   Defendant manipulating and directing Plaintiff's medical care both ship board and shore side in such a way as to minimize their expense and enable them to delay and/or deny the Plaintiff medical care that would cure her condition.

31.   As a direct and proximate result of Defendant DISNEY's failure, Plaintiff suffered additional pain, disability and Plaintiff's recovery was prolonged. In addition, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred additional medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working ability and earning capacity have been impaired. These injuries and damages are permanent or continuing in nature, and Plaintiff will suffer these losses and impairments in the future.

32.   This Count is alleged separately from Jones Act Negligence pursuant to Joyce v. Atlantic Richfield Company, 651 F. 2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to

provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

      **WHEREFORE,** Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

> ***Respectfully submitted,***
> LIPCON, MARGULIES, ALSINA &
> WINKLEMAN, P.A.
> *Attorneys' for Plaintiff*
> One Biscayne Tower, Suite 1776
> 2 South Biscayne Boulevard
> Miami, Florida 33131
> Telephone: (305) 373-3016
> Facsimile: (305) 373-6204
> E-mail: Ralsina@lipcon.com
> By:   */s/Ricardo V. Alsina*
> RICARDO V. ALSINA
> Florida Bar No. 883182